# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| COLIN J. GREEN,<br>　　　　　　Appellant, | DOCKET NUMBER<br>SF-0752-15-0700-I-1 |
| 　　　v. | |
| UNITED STATES POSTAL SERVICE,<br>　　　　　　Agency. | DATE: March 4, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Zedie E. Ramage, Jr., Fresno, California, for the appellant.

Gregory Brumfield, Jr., Esquire, San Diego, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant was removed from his position as a U.S. Postal Service Custodian effective June 13, 2015, based on unacceptable conduct. Initial Appeal File (IAF), Tab 5 at 15-19. The appellant has filed an appeal challenging the removal and alleging that the agency discriminated against him based on his age, race, color, disability, national origin, sex, and religion. IAF, Tab 1. The agency filed a motion to dismiss, arguing that the appeal should be dismissed for lack of jurisdiction because the appellant was not a preference eligible and did not otherwise qualify as an employee with appeal rights to the Board. IAF, Tab 5 at 7-9. The administrative judge issued an order advising the appellant of the requirements to establish jurisdiction over an adverse action appeal and ordering him to show cause why the appeal should not be dismissed for lack of jurisdiction. IAF, Tab 6. In his response, the appellant did not assert that he met the requirements of 39 U.S.C. § 1005(a) or 5 U.S.C. § 7511(a)(1). He argued, however, that the Board has jurisdiction over his appeal because the agency's letter of decision indicated that he had appeal rights to the Board. IAF, Tab 7. The administrative judge found that the appellant was not an employee with adverse action appeal rights and dismissed the appeal for lack of jurisdiction. IAF, Tab 8, Initial Decision (ID).

¶3 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition. PFR File, Tab 3.

¶4 The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). A U.S. Postal Service employee may file a Board appeal under 5 U.S.C. chapter 75 only if he is covered by 39 U.S.C. § 1005(a) or 5 U.S.C. § 7511(a)(1)(B)(ii). *See* 5 U.S.C. § 7511(b)(8). Thus, to appeal an adverse action under chapter 75, a Postal employee (1) must be a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity, and (2) must have completed 1 year of current continuous service in the same or similar positions. *Toomey v. U.S. Postal Service*, 71 M.S.P.R. 10, 12 (1996).

¶5 On review, the appellant does not argue that the administrative judge erred in finding that he did not have preference-eligible status, was not a manager or supervisor, and was not engaged in personnel work in other than a purely nonconfidential status. ID at 2-3. Instead, he continues to argue that the Board has jurisdiction over his appeal because the agency's notice of decision advised him that he had rights to appeal to the Board. PFR File, Tab 1. This argument is unavailing. It is well settled that an agency error in notifying an appellant of a possible right to a Board appeal does not serve to confer jurisdiction on the Board. *Miles-Townsend v. U.S. Postal Service*, 37 M.S.P.R. 405, 407 (1988). Regarding the appellant's discrimination claims, in the absence of an otherwise appealable action, the Board cannot consider his affirmative defenses based on discrimination as an independent source of jurisdiction. *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.3d 867, 871-73 (D.C. Cir. 1982).

¶6 In sum, the administrative judge correctly dismissed the appeal for lack of jurisdiction. Nothing in the petition for review shows error in the administrative judge's well-reasoned initial decision and there is no basis to disturb it.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

     If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:            _____
                                   William D. Spencer
                                   Clerk of the Board

Washington, D.C.